UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        Plaintiff,

   - v. -

$574,631.00 IN UNITED STATES
CURRENCY, AND

ONE 2006 SUBARU TRIBECA, VIN #
4S4WX85C064402833,

        Defendants-in-rem.

- - - - - - - - - - - - - - - - - - -x

10 CIV. 0992

**VERIFIED COMPLAINT**

10 Civ.



        Plaintiff United States of America, by its attorney,
Preet Bharara, United States Attorney for the Southern District
of New York, for its complaint alleges as follows:

## I.   JURISDICTION AND VENUE

        1.   This action is brought pursuant to Title 21,
United States Code, Section 881(a) and Title 18, United States
Code, Section 981(a)(1) by the United States of America seeking
the forfeiture of $574,631.00 in United States currency and a
2006 Subaru Tribeca, Vehicle Identification Number
4S4WX85C064402833 (together the "Defendant Property"), seized on
or about July 15 and 16, 2009, from Gabriel Euclides Berroa in
Bronx, New York.

        2.   This Court has jurisdiction pursuant to Title 28,
United States Code, Sections 1345 and 1355.  Venue is proper
pursuant to Title 28, United States Code, Sections 1355(b) and

1395(b) because the actions giving rise to forfeiture took place in the Southern District of New York and the Defendant Property was found and seized in the Southern District of New York.

     3.   The Defendant Property is presently in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").

## II.  PROBABLE CAUSE FOR FORFEITURE

     4.   The area in the vicinity of Westchester Avenue and Sheridan Expressway in the Bronx, New York, is known to law enforcement as a high-traffic area for narcotics trafficking and money laundering activity.

     5.   On or about July 15, 2009, law enforcement agents observed a gray 2006 Subaru Tribeca, VIN # 4S4WX85C064402833 (the "Subject Vehicle"), in the vicinity of Westchester Avenue and Sheridan Expressway in the Bronx, New York.  The law enforcement agents did not see a license plate displayed and stopped the Subject Vehicle.[1]  The driver was identified as Gabriel Euclides Berroa.  Berroa presented law enforcement agents with a temporary Massachusetts driver's license.  The agents later found a Florida driver's license in Berroa's name.

---

[1]    After stopping the Subject Vehicle, the law enforcement agents later found a temporary New Jersey registration in the rear window.  The rear window was tinted, obscuring the registration.

6.   Berroa consented to a search of the vehicle and opened the rear hatch.  In the rear storage area of the vehicle was, among other things, a cardboard box.  A law enforcement agent asked Berroa if the box was his, and Berroa said that it was not.  The agent then asked if he could look inside the box, and Berroa said that he could.

7.   Inside the box, law enforcement agents found $495,500 in United States currency (the "Subject Currency-1").  The currency was bundled into approximately 50 stacks bound with rubber bands.  The stacks of currency generally contained approximately $10,000 further banded into smaller evenly-sized stacks.  This type of packaging is indicative of narcotics proceeds and of currency involved in money laundering.

8.   A law enforcement agent asked Berroa if the money his, and Berroa said it was not.  Another law enforcement agent then advised Berroa of his <u>Miranda</u> rights and Berroa was placed under arrest.

9.   During an inventory search of the Subject Vehicle, law enforcement agents found, among other things, a receipt indicating that Berroa had purchased the Subject Vehicle on July 14, 2009, in New Jersey for $19,996.60 in cash.  Law enforcement agents later learned that the Subject Vehicle was purchased with a cashier's check in the amount of $10,996.60 and $9,000 in cash.

10. Berroa had a Best Western hotel key card in his pocket and a business card in his wallet for Best Western, 1440 Sheridan Expressway, Bronx, New York. Law enforcement agents contacted the Best Western at Sheridan Expressway and were advised that Berroa had been a guest of the hotel since July 6, 2009, and was staying in room 204.

11. On his person, Berroa also had three cellular telephones.

12. In his wallet, Berroa also had slips of paper with handwritten codes consistent with codes used by money launderers. One slip had written on it a phone number with a 718 area code, the number "500," and "Kike de Paisa." Another slip had written on it a phone number with a 347 area code and "Paco de Che" (or possibly "Cha" or "Clia"). These codes are of a type commonly used by individuals involved in money laundering transactions. The individual will contact a telephone number and identify himself or herself with one name (i.e., the agent delivering the money to be laundered) on behalf of another name (i.e., the principal whose money is to be laundered). The number "500" likely referred to $500,000 in cash to be laundered.

13. At approximately midnight on July 15, 2009, law enforcement agents began a search of Berroa's room at the Best Western hotel at 1440 Sheridan Expressway, Bronx, New York, pursuant to a search warrant issued by the Criminal Court of the

4

City of New York, County of New York.  The drapes of Berroa's hotel room were drawn shut.  In the hotel room, law enforcement agents found a duffel bag containing $79,631 in United States currency (the "Subject Currency-2").  The currency was bundled and bound with rubber bands.  There were several large stacks of approximately even size along with several smaller bundles. Again, this type of packaging is indicative of narcotics proceeds and of currency involved in money laundering

14.  Law enforcement agents also found, among other things, the following in Berroa's hotel room: cardboard boxes, rubber bands, a ledger, six cellular telephones, and a variety of electronics equipment designed to detect electronic surveillance.

15.  An ion scan was performed on Subject Currency-1 and Subject Currency-2.  Both currencies tested positive for cocaine.

### III. CLAIMS FOR FORFEITURE

16.  The allegations set forth in paragraphs one through fifteen of this Verified Complaint are repeated and re-alleged as if fully set forth herein.

17.  Title 21, United States Code, Section 881(a)(4) and (6) state:

> The following shall be subject to forfeiture
> to the United States and no property right
> shall exist in them:  . . .

(4) All conveyances, including . . . vehicles
. . . which are used, or are intended for
use, to transport, or in any manner to
facilitate the transportation, sale, receipt,
possession, or concealment of property
described in paragraph (1) [unlawful
controlled substances] [and] (2) [materials
used to unlawfully manufacture, compound,
process, deliver, import, or export
controlled substances] . . . .

(6) All moneys, negotiable instruments,
securities, or other things of value
furnished or intended to be furnished by any
person in exchange for a controlled substance
or listed chemical in violation of this
subchapter, all proceeds traceable to such an
exchange, and all moneys, negotiable
instruments, and securities used or intended
to be used to facilitate any violation of
this subchapter.

18.   Title 21, United States Code, Section 981(a)(1)(A)

subjects to forfeiture:

Any property, real or personal involved in a
transaction or attempted transaction in
violation of section 1956 . . . of this
title, or any property traceable to such
property.

19.   Title 18, United States Code, Section 1956,

provides in relevant part that:

(a)(1) Whoever, knowing that the property
involved in a financial transaction represents
the proceeds of some form of unlawful activity,
conducts or attempts to conduct such a financial
transaction which in fact involves the proceeds
of specified unlawful activity—

(A)(i) with the intent to promote the carrying on
of specified unlawful activity; . . . [or]

6

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [shall be guilty of a crime].

20.  Title 18, United States Code, Section 1956(c)(7) provides in relevant part that "specified unlawful activity" includes offenses listed in Title 18, United States Code, Section 1961(1).  Section 1961(1), in turn, lists, among other offenses, "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in Section 102 of the Controlled Substances Act), punishable under any law of the United States . . . ."

21.  By reason of the above, the Subject Vehicle, Subject Currency-1, and Subject Currency-2 (the "Defendant Property") is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1) because there is probable cause to believe that it constitutes property derived from, traceable to, or which facilitated the commission or intended commission of controlled substance transactions and money laundering.

WHEREFORE, Plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Property and that all persons having an interest in the Defendant

Property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Property to the United States of America for disposition according to the law, and that this Court grant Plaintiff such further relief as this court may deem just and proper, together with the costs and disbursements of this action.

Dated:   New York, New York
         February 5, 2010

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

                    By:   _____
                          Michael D. Lockard
                          Assistant United States Attorney
                          One St. Andrew's Plaza
                          New York, NY 10007
                          (212) 637-2193
                          michael.lockard@usdoj.gov

8

## VERIFICATION

STATE OF NEW YORK                    )
COUNTY OF NEW YORK                   )
SOUTHERN DISTRICT OF NEW YORK        )

LYNDA ECHEGOYEN, being duly sworn, deposes and says that she is a Special Agent with Immigration and Customs Enforcement and the El Dorado Task Force, and, as such, has responsibility for the within action, that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her own knowledge, information, and belief.

The sources of the deponent's information and the grounds for her belief are official records and files of the United States Government.

Dated:   New York, New York
         February 5, 2010

_____
Lynda Echegoyen
Special Agent
Department of Homeland Security
Immigration and Customs Enforcement

Sworn to before me this
5th day of February, 2010

_____
Notary Public

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires _May 8, 2010_